UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MICHAEL JONES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   Cause No. 3:23-CV-1086-CCB-SLC |
| | ) |
| **PRAXIS LANDMARK RECOVERY,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a motion to amend filed by Plaintiff Michael Jones, together with a proposed amended complaint, seeking to add a second plaintiff and additional defendants. (ECF 29, 29-1). As a threshold matter, the proposed amended complaint fails to adequately allege diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332.[1]

The proposed amended complaint alleges that Plaintiff Michael Jones was a "resident of . . . Indiana" and that proposed plaintiff Brandy Jones, too, was a "resident of . . . Indiana." (ECF 29-1 ¶ 1). "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). The Court must be informed of each plaintiff's domicile.

Further, Plaintiff alleges that Landmark Recovery of Louisville, LLC, "is owned by the

---

[1] At the preliminary pretrial conference on April 2, 2024, Defendant's counsel stated that Defendant intends to file a response in opposition to the motion. (ECF 31). Therefore, even presuming Plaintiff remedies this diversity deficiency, the Court will not rule on the motion until it is fully briefed.

sole members Clifford F. Boyle Family Trust and 4GEN LLC," and that "Clifford F. Boyle Family Trust's trustee is Clifford Boyle, a . . . citizen of Tennessee." (ECF 29-1 ¶ 5). But the proposed complaint fails to state what type of trust Clifford F. Boyle Family Trust is. If it is a "traditional" trust—that being a "'fiduciary relationship' between multiple people"—the trust's citizenship is determined by the citizenship of its trustee(s). *Americold Realty Tr. v. Conagra Foods, Inc.,* 577 U.S. 378, 383 (2016) (citation omitted); *see also Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *4900 Morse Land Tr. v. Occidental Petrol. Corp.*, No. 2:23-cv-40-PPS-JPK, 2023 WL 1990076, at *5 (N.D. Ind. Feb. 14, 2023). If it is a "business" trust, its citizenship is that of the trust's members or beneficiaries. *See Occidental Petrol. Corp.*, 2023 WL 1990076, at *4-5. Accordingly, the Court must be informed whether Clifford F. Boyle Family Trust is a "traditional" trust or a "business" trust, as those terms are defined in relevant case law.

In sum, Plaintiff is AFFORDED to and including April 9, 2024, to FILE a supplemental jurisdictional statement that adequately alleges the citizenships of Plaintiff Michael Jones, the proposed Plaintiff Brandy Jones, and the proposed Defendants.

A second matter necessitates the Court's attention. On April 1, 2024, Attorney Tracey Schafer filed a notice of appearance on behalf of proposed plaintiff Brandy Jones. (ECF 30). The motion seeking to add Brandy Jones as a plaintiff, however, has not yet been ruled upon, and thus, the Court STRIKES Attorney Schafer's notice of appearance as PREMATURE .

SO ORDERED. Entered this 2nd day of April 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge